

FILED
NOV 21 2023
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

# DISTRICT COURT OF THE STATE OF WASHINGTON
## SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* by BRENT STONE,<br><br>Plaintiffs,<br><br>v.<br><br>YAKIMA PRODUCTS, INC.,<br><br>Defendant. | Case No. 2:21-cv-00524-JLR<br><br>**DEFENDANT'S REPLY IN SUPPORT OF LIMITED OBJECTION TO THE GOVERNMENT'S MOTION TO UNSEAL AND MOTION TO SEAL PRIVILEGED MATERIAL** |

## INTRODUCTION

Relator, on his own and without seeking prior judicial determination, revealed defendant Yakima Products, Inc.'s ("Yakima") privileged communications to the government and in a document intended to be filed publicly. Despite Yakima's claims of privilege, he asserts he is entitled to do so for two reasons: (1) Yakima waived its privilege when its lawyer prepared and sent a letter to a third-party; and (2) in any event, Yakima's attorney client privilege is vitiated because the crime-fraud exception applies. Both arguments fail.

As an initial matter, the Relator's waiver and crime fraud arguments are based, in large part, on a letter attached to the declaration of Steven Teller ("Teller Declaration") prepared by Yakima's lawyer that Relator alleges was sent to Moss Adams, Yakima's auditor. It was not. **The letter on which the Relator relies was an internal draft and was never sent to Moss**

PAGE 1 - DEF'S REPLY ISO LTD OBJ TO GOVT'S MOT TO UNSEAL AND MOT TO SEAL PRIVILEGED MATERIAL

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**Adams.**[1] It is a privileged document. But, even if the letter had been provided to Moss Adams, it would not amount to a broad-scale subject matter waiver of privilege as to Yakima's internal investigation.

Relator's claims that the crime fraud exception applies similarly fail. His arguments are conclusory. Without offering any sufficient, admissible evidence, he asks this Court to conclude that the failure to disclose certain duties owed necessarily means the crime-fraud exception applies. More is required.

Yakima, on the other hand, has submitted actual, admissible evidence that the communications at issue are privileged, the privilege was not waived, and the crime-fraud exception is not applicable. Through the previously filed Declaration of George Tuttle, and the Supplemental Declaration of George Tuttle ("Tuttle Sup Decl"), filed with this Reply, Yakima has made a sufficient showing that specific paragraphs in the Amended Complaint impermissibly reveal Yakima's attorney-client privilege and, as a result, it should remain sealed. To the extent other documents filed in this case also contain the unauthorized disclosure of Yakima's attorney-client privileged information, including the Relator's Response to Yakima's Motion and Exhibit A to the Teller Declaration, those should remain sealed as well.[2]

///

///

---

[1] It is notable that Relator's counsel admits that the only copy he has is a word version and he had to insert the date. There is no indication he attempted to verify that the letter attached was a final, submitted version. And he did not ask Yakima's counsel if Yakima contended it was privileged.

[2] Because the case is sealed, including the Relator's initial Complaint, Yakima has not seen most of the pleadings in this case. If, for example, the initial Complaint filed by the Relator contains allegations similar to those in the Amended Complaint, Yakima asks this court to seal those allegations as well.

PAGE 2 - DEF'S REPLY ISO LTD OBJ TO GOVT'S MOT TO UNSEAL AND MOT TO SEAL PRIVILEGED MATERIAL

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

# ARGUMENT

## A. The Realtor Cannot Vitiate Yakima's Attorney Client Privilege.

### 1. A judicial determination is required before a party discloses potentially privileged information.

"[T]he attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997); *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)("The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client."). "The attorney-client privilege is essential to preservation of liberty against a powerful government. People need lawyers to guide them through thickets of complex government requirements, and, to get useful advice, they have to be able to talk to their lawyers candidly without fear that what they say to their own lawyers will be transmitted to the government" or otherwise become public. *United States v. Chen*, 99 F.3d 1495, 1499 (9th Cir. 1996).

Despite the importance of the privilege, the Relator repeatedly disclosed communications that were privileged or, at minimum, potentially privileged on their face, in Court filings and in turn, to the government without first seeking a judicial determination whether they were subject to Yakima's attorney-client privilege. What is more, the Relator continues to use documents he stole from Yakima that were prepared by Yakima's attorney by self-declaring that they are not privileged, despite the fact: (1) Yakima continues to assert its privilege; (2) the document states on its face it is privileged; and (3) the factual basis underlying the claim of waiver is inaccurate. Compare Teller Decl, ¶2(a) and Ex. A to Tuttle Sup Decl, ¶2-4 and Ex. 1.

This is improper. Allowing a disgruntled employee to determine on his own that communications to and from corporate lawyers are not privileged and, in turn, publicly use those

PAGE 3 - DEF'S REPLY ISO LTD OBJ TO GOVT'S MOT TO UNSEAL AND MOT TO SEAL PRIVILEGED MATERIAL

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

communications for financial gain and/or provide them to the government, is a dangerous and dubious precedent that severely undercuts the purpose and the protections of the attorney-client privilege.

Litigants, even relators in qui tam actions, must seek a judicial determination before reviewing and using potentially privileged information. *See United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, No. CV 08-1885-GHK AGRX, 2013 WL 2278122, at *2 (C.D. Cal. May 20, 2013) (disqualifying relators' counsel for using privileged information and cautioning counsel "[t]he path to [an] ethical resolution is simple: when in doubt, ask the court.")(citing *Gomez v. Vernon*, 255 F.3d 1118, 1135 (9th Cir. 2001)); *In re Examination of Privilege Claims*, No. MC15-15-JPD, 2016 WL 11164791 (W.D. Wash. May 20, 2016) (finding disqualification of relator's attorney was not necessary where relator and government sought direction from the Court about the privileged nature of a document and did not materially use privileged materials in pleadings or investigation) [3] report and recommendation adopted, No. C12-2091-JCC, 2016 WL 8669870 (W.D. Wash. July 22, 2016); *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 176-78 (4th Cir. 2019) ("when a dispute arises as to whether a lawyer's communications or a lawyer's documents are protected by the attorney-client privilege or work-product doctrine, the resolution of that dispute is a judicial function."); *In re The City of New York*, 607 F.3d 923, 947 (2d Cir. 2010) (noting that evaluating privilege claim is always a judicial function); see also *U.S. ex rel. Frazier v. IASIS Healthcare Corp.*, 2012 WL 130332, * 15 (D.Ariz.2012) (explaining in

---

[3] Relator's attorney also failed to notify counsel for Yakima that his client took and kept potentially attorney-client information such that Yakima could have taken sufficient action to protect its privilege and Relator could have obtained a Court ruling on the propriety of Relator's use of the privileged information.

PAGE 4 - DEF'S REPLY ISO LTD OBJ TO GOVT'S MOT TO UNSEAL AND TO SEAL PRIVILEGED MATERIAL

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

qui tam case counsel should have sought "a ruling from the Court about the privileged documents"). No such efforts were made in this case.

Because the parties had largely resolved the dispute and reduced it to writing by the time Yakima discovered the improper use of these materials, Yakima sought a very modest remedy to right this wrong and protect its privilege—seal portions of the Amended Complaint, and similar documents. Relator's Response makes clear however that he and his attorney have access to many, if not all, of Yakima's privileged documents (Tuttle Sup Decl ¶¶2-4) and they have no hesitation to continue to use them for their own purpose despite Yakima's asserted, ongoing and unresolved claims of privilege.[4] Accordingly, the Relator and his counsel should immediately delete or return these documents, cease using the documents, and affirm under oath that they have done so. In addition, the modest remedial measure Yakima seeks, sealing the Amended Complaint and documents containing similar information, including Exhibit A attached to the Teller Declaration and portions of the Relator's Response, should be granted.

### 2. The Relator cannot demonstrate the crime-fraud exception applies.

Relator tries to side-step the requirement he should have sought a judicial determination of privilege by invoking the crime-fraud exception. But none of the privileged communications the Relator apparently has access to, including those outlined in the Amended Complaint, submitted with the Response, or in any other location, are subject to the crime fraud-exception.

---

[4] On page four of the Response, counsel notes that Relator has a draft document prepared by Attorney Tuttle. See, Response p. 4 ("Shortly after Yakima disclosed the details to the CPA in February 2019, a draft final prior disclosure statement was prepared. That draft has not been disclosed to the Court."). Again, a draft document prepared by outside counsel is clearly protected by the attorney-client privilege and work-product protection. *In re: Premera,* 329 F.R.D. at 662. Neither Relator nor his counsel should have any access to Yakima's undeniable attorney-client privileged information let alone continue to use them to prepare court pleadings.

PAGE 5 - DEF'S REPLY ISO LTD OBJ TO GOVT'S MOT TO UNSEAL AND MOT TO SEAL PRIVILEGED MATERIAL

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

The Relator, as the proponent of the crime-fraud exception, bears the burden of proving it is applicable. *See United States v. Martin*, 278 F.3d 988, 1001 (9th Cir. 2002); *Chen*, 99 F.3d at 1502. "The mere allegation of fraud is not sufficient to terminate the attorney-client privilege. Prima facie evidence of fraud, not mere suspicion of fraud, is required to abrogate the privilege." *Burlington Indus. v. Exxon Corp.*, 65 F.R.D. 26, 40 (D. Md. 1974) (citing *Clark v. United States*, 289 U.S. 1, 15 (1933)). "The exception applies only when there is reasonable cause to believe that the attorney's services were utilized in furtherance of the ongoing unlawful scheme." *Martin*, 278 F.3d at 1001(citations and quotations omitted). Indeed, the communication itself must have been in furtherance of a fraud or crime and must have been intended to facilitate the fraud or crime.[5] *United States v. Jacobs*, 117 F.3d 82, 88 (2d Cir. 1997) (quotations and citations omitted).

To meet his burden, the Relator must make a sufficient factual showing to the Court using non-privileged evidence that: (1) "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme" and (2) "the attorney-client communications for which production is sought are sufficiently related to and were made in furtherance of the intended, or present, continuing illegality." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007) (cleaned up); *United States v. Shewfelt*, 455 F.2d 836, 840 (9th Cir. 1972); *Jacobs*, 117 F.3d at 87. The Relator has not done that. He has failed to make a prima facie case that the crime-fraud exception applies "using unprivileged communications." Response, p. 7. Instead, he relies on a draft letter that was never sent and is both privileged and work-product. *See* Tuttle Sup Decl ¶¶ 2-4; *In re: Premera*, 329 F.R.D. at 662; *Roth*, 254 F.R.D. at 541.

---

[5] The crime fraud exception is interpreted narrowly. See *Chen*, 99 F.3d at 149.

PAGE 6 - DEF'S REPLY ISO LTD OBJ TO GOVT'S MOT TO UNSEAL AND TO SEAL PRIVILEGED MATERIAL

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

Yakima vigorously disputes the Relators' allegations, but at most they show that Attorney Tuttle provided legal advice about ADD/CVD and after internal conversations with key stakeholders and Attorney Tuttle about that advice, Yakima took a different approach.[6] The Relator has offered nothing to show that Attorney Tuttle was doing anything other than what a lawyer is supposed to do—offer legal advice to clients for them to consider before taking action. Failure to heed the advice of a lawyer does not vitiate the attorney-client privilege. Courts recognize "[t]he attorney-client privilege is strongest where a client seeks counsel's advice to determine the legality of conduct before taking action" and "the crime-fraud exception applies only when there is probable cause to believe that the communications with counsel were intended in some way to facilitate or to conceal the criminal activity." *Jacobs*, 117 F.3d at 88 (quoting *In re Grand Jury Subpoenas Duces Tecum*, 798 F.2d 32, 34 (2d Cir. 1986)).

What the Relator has done is offer privileged materials that he took from Yakima when he was fired to support his qui tam complaint. And once Yakima pushed back on having that privileged information made public, the Relator offered additional privileged materials he took without permission—including an unsent draft—to support his argument the crime-fraud exception applies. He has failed entirely to offer any evidence—privileged or otherwise— that Yakima engaged Attorney Tuttle to commit a fraud and the privileged communications are in furtherance of that fraud. Yakima, on the other hand, has presented sworn declarations that contradict the Relator's story: Attorney George Tuttle, a percipient witness and an expert in customs and trade laws for more than 40 years, disputes the Relators' (unsupported) factual

---

[6] Aside from the privileged document attached to Teller Declaration, Relator merely restates in his brief the same allegations in the Complaint as proof of the crime-fraud exception. These are unsworn disputed allegations, some of them Yakima claims are based on privileged information. This is a wholly insufficient showing to vitiate Yakima's attorney-client privilege.

PAGE 7 - DEF'S REPLY ISO LTD OBJ TO GOVT'S MOT TO UNSEAL AND MOT TO SEAL PRIVILEGED MATERIAL

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

statements and legal analysis regarding the requirements of prior disclosures.[7] Given this, Relator has failed to make a sufficient showing to demonstrate the crime fraud exception applies.

### B. Yakima Did Not Waive Its Privilege.

As an alternative, Relator contends Yakima waived any claims of privilege because the information at issue was disclosed to a third-party. The problem with that argument is that it is based on a factual error. The Relator claims that the word document he attached to his Response was sent by Yakima to its accountants; it was not. Compare Teller Decl, ¶2(a) and Ex. A with Tuttle Sup Decl, ¶2-4 and Ex. 1. The Relator can't base a claim of waiver on an unsent document he took without permission from Yakima.

Yakima did provide limited information to its auditor Moss Adams stating that there was a potential unasserted claim by CBP for ADD/CVD liability and disclosed the potential amount of that liability. Tuttle Sup Decl, ¶2-4 and Ex. 1. But that information, information required to be disclosed in the audited financials of corporations across the United States, does not and cannot act as a subject matter waiver as advocated by Relator. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (no subject matter waiver where privilege holder disclosed legal memos to third party about tax liability). Nothing in the letter to Moss Adams revealed any of Attorney Tuttle's actual advice to Yakima, his detailed analysis, the internal communications between Yakima agents and him about the advice, or any other privileged matter. There was no waiver.

///

---

[7] Relator argues "Mr. Tuttle chose to file a prior disclosure for his client, knowing that it did not represent the full disclosure required by the Prior Disclosure process and regulation, and knowing that his statements in the document were untrue." Response, p. 7. There is no basis for this statement in the first place and in any event, the Declaration and the Supplement Declaration of George Tuttle, an expert in this area, refute Relator's unsupported, unsworn, inadmissible assertions. See, Tuttle Decl, ¶¶ 1,3 and 4 and Tuttle Sup Decl, ¶¶ 5-11.

PAGE 8 - DEF'S REPLY ISO LTD OBJ TO GOVT'S MOT TO UNSEAL AND MOT TO SEAL PRIVILEGED MATERIAL

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

### C. The Information Requested to Be Redacted is Privileged

The Relator also attempts to carve out certain information that was contained in the Complaint as not-privileged because some involved communications between two corporate agents with no attorney present. This does not defeat the claim of privilege. The Relator concedes, as he must, communications between two corporate agents where no attorney is present may be subject to the privilege. Response, p. 10. But he quibbles whether the information being provided between corporate agents is being made for the purpose of obtaining legal advice. This argument misses the point.

The Ninth Circuit has unequivocally stated, "the attorney-client privilege is a two-way street: [it] protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... as well as an attorney's advice in response to such disclosures." *Bauer,* 132 F.3d at 507 (citations and quotations omitted). Discussions involving the advice of Attorney Tuttle between corporate agents and those to obtain legal advice are both confidential and subject to the privilege.

As outlined in the Declaration and Supplemental Declaration of George Tuttle, the lawyer employed by Yakima to provide legal advice "to comply with United States customs and duties laws following an inquiry by the U.S. Customs and Border Protection about potential misclassifications of products imported by Yakima," paragraphs 3.11, 3.18 through 3.26, 3.28, and 3.29 contain Yakima's attorney-client privileged communications. Below is the table previously provided identifying, the basis for Yakima's assertion of privilege:

///

///

///

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

| Paragraph Nos. | Basis |
|---|---|
| 3.11 | Confidential information provided to Yakima from Mr. Tuttle for the purpose of providing legal advice. (Tuttle Decl. ¶6; Tuttle Sup Decl ¶8[8]) |
| 3.18 | Confidential information communicated by Mr. Tuttle to Yakima for the purpose of rendering legal advice. (Tuttle Decl. ¶7) |
| 3.20 | Confidential information regarding potential drafts of Mr. Tuttle's communications on behalf of Yakima. (Tuttle Decl. ¶7) |
| 3.21, 3.22, 3.26 and 3.28 | Communications from Mr. Tuttle to Yakima providing legal advice and internal discussions with employees, including decision makers, about legal advice and proper course of action. (Tuttle Decl. ¶8) |
| 3.23, 3.24, and 3.25 | Information communicated to or by Mr. Tuttle for the purpose of rendering legal advice. (Tuttle Decl. ¶8) |

As the Court can see, the identified allegations in the Amended Complaint are protected by the attorney-client privilege and accordingly and should remain sealed.[9]

## CONCLUSION

The common-law right of public access to judicial records is "not absolute and can be overridden given sufficiently compelling reasons for doing so," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), including where a court filing is "a vehicle for an improper purpose." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In this case, the Relator has and continues to improperly disclose and use Yakima's attorney-client privileged information. Privileged information "is inadmissible and has 'no possible bearing upon the

---

[8] The determination of whether specific imports are subject to ADD/CVD is not merely a fact as Relator asserts. In fact, it "is not easily determinable" and requires an in-depth analysis, and possibly the submission of a scope request to the Department of Commerce for clarification. Tuttle Sup Decl ¶8. Thus, the information in paragraph 3.11 is protected by both the attorney-client privilege and work product doctrine.

[9] Yakima has attached a proposed redacted Amended Complaint to its Order on this Motion to comport with Yakima's requested relief.

PAGE 10 - DEF'S REPLY ISO LTD OBJ TO GOVT'S MOT TO UNSEAL AND MOT TO SEAL PRIVILEGED MATERIAL

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

subject matter of the litigation.'" *Phoenix Ins. Co. v. Diamond Plastics Corp.*, 2020 WL 4261419, at *2 (W.D. Wash. July 24, 2020) (citing *Fodor v. Blakey*, 2012 WL 1289386, slip op. at 14 (C.D. Cal. 2012))(noting that privileged information in a Complaint is subject to a motion to strike pursuant to Fed. R. Civ. Pro. 12(f)). Accordingly, the Court should direct the Clerk of the Court to seal the identified paragraphs of the Amended Complaint and any other documents containing Yakima's privileged communications.

DATED: November 17, 2023,

Respectfully submitted,

*/s Michelle Holman Kerin*
**MICHELLE HOLMAN KERIN**, OSB No. 965278 (admitted pro hac vice)
**DAVID H. ANGELI**, WSB No. 43741
**ANGELI LAW GROUP LLC**
*Attorneys for Defendant Yakima Products, Inc.*

PAGE 11 - DEF'S REPLY ISO LTD OBJ TO GOVT'S MOT TO UNSEAL AND MOT TO SEAL PRIVILEGED MATERIAL

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

ANGELI
LAW GROUP LLC

121 SW MORRISON STREET
SUITE 400
PORTLAND, OREGON 97204

Attn: Clerk of the Court
U.S. District Court Clerk's Office
700 Stewart St. Suite 2310
Seattle, WA 98101

FILED
LODGED
RECEIVED
_____ BY _____ DEPUTY
NOV 21 2023
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
MAIL

B84497:24
$2.31 0
US POSTAGE
FIRST-CLASS
062S0007700477
FROM 97204