

DISTRICT COURT OF THE STATE OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* by BRENT STONE,<br><br>Plaintiffs,<br><br>v.<br><br>YAKIMA PRODUCTS, INC.,<br><br>Defendant. | Case No. 2:21-cv-00524-KKE<br><br>**SUPPLEMENTAL DECLARATION OF GEORGE TUTTLE** |

I, George Tuttle, am competent to testify in the Courts of Washington. I make the following statements under penalty of perjury and based on my own personal knowledge:

1. As previously stated, my firm, The Law Office George R. Tuttle, represented the defendant Yakima Products, Inc. ("Yakima") from approximately July 2018 to June of 2020, and I was the primary lawyer assigned to work with Yakima. I have been an attorney for almost 40 years and I am licensed to practice in California. My firm specializes in customs and international trade law. The purpose of my engagement was to assist Yakima's compliance with United States customs laws and regulations concerning the tariff classification and payment of customs duties, following an inquiry by U.S. Customs and Border Protection ("CBP") about the potential misclassifications of certain products imported by Yakima. CBP's Request for Information never inquired about goods subject to Antidumping or Countervailing Duties ("ADD/CVD").

SUPPLEMENTAL DECL OF GEORGE TUTTLE
PAGE 1 –

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

2.  I have had a chance to review the Relator's Response to Yakima's Limited Objection to the Government's Motion to Unseal and Motion to Seal ("Response"). As an initial matter, Exhibit A, attached to the Declaration of Stephen Teller ("Teller Declaration") and quoted throughout the Response was not the letter that I prepared and sent to Moss Adams on behalf of Yakima. I sent a different letter to Moss Adams that was dated February 28, 2019, and not February 12, 2019, as attested to in the Teller Declaration. A signed copy of the final letter sent to Moss Adams is attached as Exhibit 1. This letter is shorter and narrower than that in the document attached to the Teller Declaration. It states:

### A.  Unasserted Claims and Assessments

In July of 2018, the company filed a Prior Disclosure within the meaning of 19 U.S.C. § 1592(c)(4) of Title 19 and 19 C.F.R. § 162.74, with U.S. Customs and Border Protection.

We currently estimate that Yakima will owe CBP approximately $ 1,263,507.36 in unpaid customs duties and fees related to the tariff classification of the imported merchandise. Of this sum, $324,247.13 represents errors related to tariff classification; and $955,084.42 represents unpaid antidumping and countervailing duties. By definition, this constitutes a known unasserted claim by the government against Yakima that is probable of assertion. This does not include any penalty amount. In a prior disclosure, the penalty is limited to the amount of interest on the amount due. Additional risk of up to 4X of identified loss revenue may be applied if CBP discovers errors which are outside the self-disclosure.

3.  This letter was not intended to act as a subject matter waiver of Yakima's privilege about ADD/CVD. As outlined in the letter, it was a response by counsel to a request for an opinion regarding the potential for claims of liability against the corporate entity in the context of a routine professional financial audit assessment. Stating the potential for a claim of liability reveals nothing regarding the legal analysis rendered, the internal communications, or any other privileged matters.

4.  I reviewed my files after reading the Response. The Relator was involved in drafting and finalizing the final letter dated February 28, 2019, to Moss Adams that is attached to

PAGE 2 SUPPLEMENTAL DECL OF GEORGE TUTTLE

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

this declaration as Exhibit 1. I am puzzled why the Relator would attest that the letter attached as Exhibit A to the Teller Declaration was the final letter sent to Moss Adams.

5. As an attorney that has worked in customs and international trade law for more than 40 years, I note the Response misstates the prior disclosure purpose and process.

6. It is not uncommon that an importer, like Yakima, receives a notice from CBP inquiring about specific imported articles, requesting that the importer provide information about the product in question, such as "descriptive or illustrative literature or information explaining what the merchandise is, where and how it is used, and exactly how it operates." Such notices regularly result in consultation with experienced trade counsel, as it did in this circumstance.

7. Moreover, given the complexities involved in customs and trade law, it is not uncommon for a resulting internal investigation/analysis related to a CBP inquiry to reveal that some amount is owed to CBP due to mistakes in tariff classifications. In addition, in my experience, in the course of the limited investigative work directed by a CBP inquiry, additional questions may arise regarding other customs matters, such as the classification of other products, or other subject matters such as valuation, that are not within the scope of the CBP inquiry.

8. It is widely acknowledged that the intention of the prior disclosure process provided for in 19 U.S.C. §1592(c)(4) is to encourage importers to self-report specific errors. A prior disclosure submitted to CBP is typically designed to address very specific issues, whether it be classification, valuation, or origin of the articles in question. It can also involve articles that were not declared as subject to an antidumping or countervailing duty order. Whether or not an article is within the scope of an antidumping or countervailing duty order is not a tariff classification question, as the tariff classification of an article is not determinative of whether it is subject to an AC/CVD Order. All antidumping or countervailing orders contain the phrase

PAGE 3 SUPPLEMENTAL DECL OF GEORGE TUTTLE

"[w]hile HTSUS subheadings are provided for convenience and customs purposes, the written description of the scope of the Orders is dispositive." While tariff classification can be indicative that merchandise may be subject to an ADD/CVD order, it is not determinative. Only the written description of the products in the scope of the order determines whether the goods are covered or not, and in many instances, this is not easily determinable, and may require the submission of a scope request to the Department of Commerce for clarification. See 19 C.F.R. §351.225 and *Xerox Corp. v. United States*, 289 F.3d 792, 794 (CAFC, 2002) ("If a question arises as to whether merchandise is encompassed by an order, an interested party may request a scope inquiry by Commerce under 19 U.S.C. § 1516a(a)(2)(B)(vi), to determine if 'a particular type of merchandise is within the class or kind of merchandise described in an existing . . . antidumping . . . duty order.'").

9. By its terms, a prior disclosure is circumscribed. That was true of the initial Prior Disclosure submitted by Yakima in July 2018 and the final Calculation dated April 2019. The use of a prior disclosure is not a representation to CBP regarding every possible customs or trade issue that has or could arise.

10. A prior disclosure consists of four main elements. These elements are: (1) the type of merchandise involved; (2) the entry number, the dates of import or export, and the port(s) of import or export; (3) the materially false statements, omissions, or acts, and an explanation of how they occurred; and (4) the true information that should have been provided. See 19 C.F.R. §162.74(b), and "New CBP Prior Disclosure Requirements," Co-authored by Jennifer Diaz and Sharath Pati, CITBA.Org (Customs and International Trade Bar, 2022), last viewed 11/14/2023: https://citba.org/article_content.asp?edition=2&section=1&article=60

PAGE 4 SUPPLEMENTAL DECL OF GEORGE TUTTLE

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

11. Completing a prior disclosure does not require affirmatively stating that all actual or potential errors related to the disclosing party's imports have been disclosed. It does not require affirmations as to the entire universe of possible misclassifications or other mistakes in applying complicated customs and trades laws.

12. Throughout my work advising Yakima, one of my primary contacts to obtain information and provide advice was the Relator, Brent Stone. I communicated with the Relator by telephone and in writing on almost a daily or weekly basis. Throughout this process, as my primary contact, he was privy to almost all my privileged communications to Yakima.

13. Neither the Prior Disclosure nor the Calculation therein (as defined in my prior declaration) was intended to address ADD/CVD issues. I note again that for Prior Disclosure purposes, and under customs laws and regulations, ADD/CVD disclosures may not be based on statistical sampling, which was the only method of analysis conducted for purposes of disclosing the classification errors to CBP. In other words, both the identification and assessment of any potential ADD/CVD issue requires the employment of a totally different methodology from the one used during the assessments necessary to the 2018 Prior Disclosure.

14. As I stated in my initial declaration, I dispute many of the statements, actions, and inferences in the Amended Complaint. Beyond that, and more importantly here, it contains privileged information concerning communications and information shared within the course and scope of the attorney-client relationship and that concerns privileged attorney work product. Most or all of the allegations contained in paragraphs 3.18 through 3.26, 3.28, and 3.29 concern confidential communications occurring in the context of the attorney-client relationship... The foundation of these allegations is based solely on: (1) the firm's conversations and communications with Yakima, the privilege holder and specifically the Relator, in his capacity as

PAGE 5 SUPPLEMENTAL DECL OF GEORGE TUTTLE

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

an agent for Yakima; (2) communications between Yakima's agents and employees, concerning advice and information acquired within the scope of the attorney-client relationship between my firm and Yakima, or (3) my firm's related attorney work product. There is no other source of information that the Relator could have obtained this information from except for within the scope of my work as Yakima's attorney.

DATED: This 17th Day of November, 2023.

/s/ George Tuttle
GEORGE TUTTLE

PAGE 6 SUPPLEMENTAL DECL OF GEORGE TUTTLE

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

# TUTTLE
Customs and International Trade Law

George R. Tuttle, III
(415) 288-0428
*geo@tuttlelaw.com*
Tuttle Law Offices
1100 Larkspur Landing Circle
Suite 385
Larkspur, CA 94939
tuttlelaw.com

February 28, 2019

FILE REFERENCE NO. 3351

"Privileged and Confidential"

*Sent via Email: joe.minniti@mossadams.com*
Mr. Joe Minniti
Moss Adams LLP
805 SW Broadway, Suite 1200
Portland, Oregon 97205

**Re:   Updated Financial Audit of Yakima Products, Inc.**

Dear Mr. Minniti:

This is in reference to the letter dated January 15, 2019, from Sandi Lennehan, CFO, Yakima Products, Inc., wherein we have been requested to provide you with information as to whether we are aware of any unasserted claims or assessments against the company that are probable of assertion, or any pending or threatened litigation or claims for the period. This response includes matters that existed as of December 31, 2018, and up to and including today, February 28, 2019.

### I.   Status of Legal Representation

Yakima Products, Inc. retained this firm to provide it with representation, advice, and guidance concerning a matter with U.S. Customs and Border Protection ("CBP") regarding the proper tariff classification of imported merchandise. Our representation of the company has been limited to these matters.

#### A.   Unasserted Claims and Assessments

In July of 2018, the company filed a Prior Disclosure within the meaning of 19 U.S.C. § 1592(c)(4) of Title 19 and 19 C.F.R. § 162.74, with U.S. Customs and Border Protection.

We currently estimate that Yakima will owe CBP approximately $ 1,263,507.36 in unpaid customs duties and fees related to the tariff classification of the imported merchandise. Of this sum, $324,247.13 represents errors related to tariff classification; and $955,084.42 represents unpaid antidumping and countervailing duties. By definition, this constitutes a known unasserted claim by the government against Yakima that is probable of assertion. This does not include any penalty amount. In a prior disclosure, the penalty is limited to the amount of interest on the amount due. Additional risk of up to 4X of identified loss revenue may be applied if CBP discovers errors which are outside the self-disclosure.

Yakima Products, Inc.: Audit of Financial Statements
Privileged and Confidential
February 28, 2019
Page 2

### B. Pending or Threatened Litigation

We are unaware of any pending or threatened litigation, claims, or threatened litigation claims and assessments arising for the period ending December 31, 2018, or which have occurred since that date.

### II. Legal Fees

There were unbilled legal fees as of December 31, 2018 of $13,157.

### III. Limitations Imposed by the American Bar Association's Statement of Policy Regarding Lawyers' Responses to Request for Information

Consistent with the last sentence of Paragraph 6 of the ABA Statement of Policy and pursuant to the Company's request, this will confirm as correct the Company's understanding as set forth in the audit inquiry letter to us that, whenever, in the course of performing legal services for the Company with respect to a matter recognized to involve an unasserted possible claim or assessment that may call for financial statement disclosure, we have formed a professional conclusion that the company must disclose or consider disclosing matters concerning such possible claim or assessment, we, as a matter of professional responsibility to the Company, will so advise the Company and will consult with the company concerning the question of such disclosure and the applicable requirement of Statement of Financial Accounting Standards No. 5.

This response is limited to the matters for which we have represented Yakima Products, Inc. during the period in issue and is further limited by, and in accordance with, the American Bar Association's Statement of Policy Regarding Lawyers' Responses to Request for Information (December 1975). Without limiting the generality of the foregoing, the limitations set forth in such statement on the scope and use of this response (Paragraphs 2 and 7) are specifically incorporated herein by reference, and any description herein of any "loss contingencies" is qualified in its entirety by Paragraph 5 of the Statement and the accompanying commentary (which is an integral part of the Statement). This response is further limited to information acquired through December 31, 2018, and from then until the present.

This letter is being provided to you solely for the purpose of replying to the request for information in a manner consistent with the ABA Policy statement and our regular practices. No part of this letter may be quoted without our prior written approval, or that of **Yakima Products, Inc.**

Very truly yours,

George R. Tuttle, III
Law Office of GEORGE R. TUTTLE
A Professional Corporation

cc: Sandi Lennehan, CFO, Yakima Products, Inc. (Sandi.Lennehan@yakima.com)

**ANGELI** LAW GROUP LLC
121 SW MORRISON STREET
SUITE 400
PORTLAND, OREGON 97204

Attn: Clerk of the Court
U.S. District Court Clerk's Office
700 Stewart St. Suite 2310
Seattle, WA 98101

FILED
LODGED
RECEIVED

NOV 21 2023

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

MAIL

B84497:24
$2.310
US POSTAGE
FIRST-CLASS
062S0007700477
FROM 97204