DISTRICT COURT OF THE STATE OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* by BRENT STONE,<br><br>Plaintiffs,<br><br>v.<br><br>YAKIMA PRODUCTS, INC.,<br><br>Defendant. | Case No. 2:21-cv-00524-KKE<br><br>**DECLARATION OF GEORGE TUTTLE**<br><br>**SUBMITTED *IN CAMERA*** |

I, George Tuttle, make the following statements under penalty of perjury and based on my own personal knowledge:

1. My firm, The Law Office George R. Tuttle, represented the defendant Yakima Products, Inc. ("Yakima") from approximately July 2018 to June of 2020, and I was the primary lawyer assigned to work with Yakima. I have been an attorney for almost 40 years and I am licensed to practice in California. My firm specializes in customs and international trade law. The purpose of my engagement was to assist Yakima's compliance with United States customs laws and regulations concerning the tariff classification and payment of customs duties, following an inquiry by U.S. Customs and Border Protection ("CBP") about the potential misclassifications of certain products imported by Yakima. CBP's Request for Information never inquired about goods subject to Antidumping or Countervailing Duties ("ADD/CVD").

DECL OF GEORGE TUTTLE
PAGE 1 –

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

2. Throughout my work advising Yakima, including for both the issues in the Prior Disclosure and then again with respect to ADD/CVD, one of my primary contacts to obtain information and provide advice was the Relator, Brent Stone. I communicated with the Relator by telephone and in writing on almost a daily or weekly basis. Throughout this process, as my primary contact, he was privy to almost all my privileged communications to Yakima.

3. Following ██████████████████████████████████████████ ██████████████████████████ I advised Yakima ██████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████ I understand that a copy of the initial Prior Disclosure letter is attached as Exhibit A to the Amended Complaint ("Prior Disclosure"). In addition ████████████ included in the initial Prior Disclosure letter, ██ ████████████████████████████████████████████████████████████████ ████████████████████, attached as Exhibit B to the Complaint ("Calculation"). My professional engagement initially was related to the company's Prior Disclosure efforts on the narrow issue of classification of specific parts and the related duty assessment under the customs laws and regulations. Pursuant to customs statutes and regulations establishing the procedure for Prior Disclosures, it disclosed to CBP that during a specific time-period Yakima "misclassified certain specific parts, including items found to be misclassified under HTSUS 8708.29.5060" when they should have been classified under a different HTSUS code. ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

▬▬▬. The initial Prior Disclosure notification to CBP indicated that Yakima was conducting this type of investigation using the statistical sampling process and that it would supplement its findings and tender any calculated loss of revenue to CBP at the conclusion of its review.

    4.    Neither the Prior Disclosure nor the Calculation was intended to address the ADD/CVD issues outlined in the Relator's Complaint. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ I note that for Prior Disclosure purposes, and under customs laws and regulations, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

    5.    I have read the Amended Complaint. As an initial matter, I strongly disagree that events surrounding the ADD/CVD issues unfolded as described in the Amended Complaint. I dispute many of the statements, actions, and inferences in the document. More importantly, the Amended Complaint contains privileged information concerning communications and information shared within the course and scope of the attorney-client relationship and that concerns privileged attorney work product. For example, most or all information in paragraphs 3.11, 3.18, 3.20 through 3.26, 3.28, and 3.29 contains Yakima's attorney-client privileged

PAGE 3 – DECLARATION OF GEORGE TUTTLE

communications. The foundation of these allegations is based solely on: (1) my conversations and communications with Yakima, the privilege holder and specifically the Relator, in his capacity as an agent for Yakima; (2) conversations between Yakima's agents and employees, concerning advice and information acquired within the scope of the attorney-client relationship between my firm and Yakima, or (3) my related attorney work product. There is no other source of information that the Relator could have obtained this information from except for within the scope of my work as Yakima's attorney.

6. For example, in paragraph 3.11, the information derived in that paragraph came ███████████████████████████████████████████████████████████████████████████████████████

7. In paragraph 3.18, the circumstances and timing of the discovery of any issues with Yakima's ADD/CVD obligations reveal privileged communications. ███████████████████████████████████████████████████████████████████████████████████. Paragraph 3.20 discloses information that was allegedly considered to be included during the preparation of the Calculation and includes privileged discussions of draft Calculations. The included information is all protected from disclosure by the attorney-client and attorney work product privilege.

8. Paragraphs 3.23, 3.24, and 3.25 specifically reveal communications I purportedly had with Yakima agents and employees during the course and scope of the attorney-client relationship and in connection with providing legal advice to Yakima.

9. Some of the paragraphs, such as paragraphs 3.21, 3.22, 3.26 and 3.28, describe conversations that include information I communicated to Yakima in the course and scope of the

attorney-client relationship, during which I provided legal advice to Yakima. These allegations also include communications among Yakima's corporate officers and agents with decision-making authority, concerning privileged information and communications that are also protected by the attorney-client and attorney work product privilege.

10. Paragraph 3.29 contains the entirely baseless accusation that I knowingly submitted a false statement to the federal government. That did not happen. As a member of the bar and a practitioner in this area of law for almost 40 years, and in the course of my decades-long professional career, I have never knowingly made a false statement to any government entity, judicial body, or other regulatory agency.

11. There is no exception to the attorney-client privilege which would take my client communications outside of the privilege, nor any evidence to support such a claim.

DATED: This 27th Day of October, 2023.

*/s/ George Tuttle*
GEORGE TUTTLE

PAGE 5 – DECLARATION OF GEORGE TUTTLE

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880